No. 9426.

## CHANDLER *v.* RUEBELT ET AL.

INTOXICATING LIQUOR.—*Application for License to Sell.*—*Competency of Juror.*—*Case Distinguished.*—One who is firm in the belief that none but an immoral man would sell or apply for license to sell intoxicating liquors, is not a competent juror in a case of application for such license. *Elliott* v. *State,* 73 Ind. 10, distinguished.

SAME.—*Evidence.*—An applicant for license to sell liquors must prove by a preponderance of evidence, that he is fit to be trusted with such license.

From the Henry Circuit Court.

*W. Garver, C. G. Offutt* and *D. W. Chambers,* for appellant.
*J. Stafford,* —— *Boyd, T J. Kane* and *T. P. Davis,* for appellees.

ELLIOTT, J.—The appellant applied to the board of commissioners of Hamilton county for license to retail intoxicating liquors. The commissioners denied his petition. He appealed to the circuit court, and, upon affidavit filed in that court, was granted a change of venue, and the case was sent to the Henry Circuit Court, where a jury trial was had, and a verdict and judgment entered against him.

One of the causes stated in the motion for a new trial is, that the court erred in overruling the appellant's challenge for cause of the juror, John Wrightsman. The record shows

that questions were propounded to the juror and answers made by him as follows:

Question by appellant. "Have you a prejudice against the sale of intoxicating liquors under the law?"

Answer. "I have no prejudice, but I have a legitimate hatred against it. I would try to give a fair trial. I think I could overmaster my hatred so that I could render a verdict according to the law and the evidence in this case."

Question. "Have you stated at some time that you would not grant a license to any one."

Answer. "I may have done so, but men sometimes change."

Question. "Have you said that you were opposed to the sale of intoxicating liquors, and that no one was fit to sell intoxicating liquors?"

Answer. "Yes; and say so yet. I don't think a moral man would sell liquor?"

Question. "Is the fact that a man applies for a license to sell intoxicating liquors an evidence of his immorality to you?"

Answer. "It is; I think it a *deadner*."

Question by the appellees. "Do you believe, notwithstanding your prejudice and opinion given as to what would constitute an immoral man, that you could render a verdict according to the law and the evidence?"

Answer. "Yes."

Question by the court. "You have said that you believe that a man who would apply for a license is an immoral man, would that opinion be allowed to influence you any?"

Answer. "No."

Question by the appellant. "Have you your mind now made up that if you sit as a juror you will refuse a license?"

Answer. "I believe I have not."

Question by appellant. "Can you try this case and decide it by a fair preponderance of the evidence the same as any other civil cause."

Answer. "I think I can. I would try, but don't know if I could or not. I think I could."

Under the provisions of our statute the moral character of the applicant for a license is directly in issue upon the trial of the matter on appeal. R. S. 1881, sec. 5314. The jury trying the issues, made upon the petition and remonstrance, must decide upon the petitioner's character for morality, as one of the controlling questions of the case. If they believe him to be an immoral man, then it is their duty to find against him, irrespective of all other considerations. A juror who shows, by his answers to the questions propounded to him, that he has a settled and decided opinion upon one of the immediate and controlling questions of the controversy, can not be an impartial trior.

It may well be that a man may hate the liquor traffic, and yet be an impartial juror on the trial of the right of an applicant to receive a license. This, however, is radically different from the case of one who entertains a definite and firm opinion that one who will apply for a license, under the law, is, from that fact alone, an immoral man. A juror who has formed a decided and unyielding opinion upon the question of a man's immorality has, in fact, prejudged and determined, not some mere incidental or collateral matter, but the main issue in cases of this kind.

The statute of the State commands that licenses shall be issued to persons of fit character, and one who applies for what the law confers can not from that one fact be deemed an immoral man. The wisdom or policy of the statute may be the subject of debate, and men may, and men do, entertain conflicting opinions upon that subject, but, until repealed, it is the supreme rule. A man who is so far convinced of the evil of the statute as to believe that one applying for the privileges it grants is, from that fact alone, an immoral man, can not justly determine whether the applicant should or should not be granted the privileges for which it makes provision. To hold that such a man is a competent juror, would be a practical nullification of the statute.

We do not place our decision upon the ground that the

juror hated the liquor traffic, but upon the ground that he held the opinion that one who would embark in it is an immoral man. As already suggested, a man may condemn the wisdom or policy of a statute, and yet be entirely competent to do justice under it when called into the jury box; but when he goes farther, and declares that he regards as immoral all who seek the favors it bestows, he shows his incompetency to impartially discharge the duties of a juror in a case where the immorality of one of the parties is the vital point in issue. Men may hate crimes, may dislike particular callings of business life, and still be competent jurors, although such callings may be incidentally, or, perhaps, directly brought in issue; but when his prejudice extends so far as to exclude all who would engage in a calling, merely because of their desire to do so, he gets beyond the line of impartiality. Where, as here, the juror avers a decided and settled opinion upon character, where character is the main issue, he does more than express an opinion upon the wisdom, justice, or policy of a statute, he pronounces, in advance of the evidence, the man on trial of bad character, for to declare a man to be immoral is to affirm that his character is bad.

Taking, as it is proper to do, all the juror's examination into consideration, it is clear that his opinion, that an applicant for a liquor license is an immoral man, is a mature and deliberate one which would be slow to yield, if, indeed, it would yield at all, to the evidence. The case of such a man is widely different from that of one who forms an opinion as to the guilt or innocence of an accused from rumors, casual conversations, or newspaper reports, and we neither question, nor mean to question, the soundness of the cases, of which *Guetig* v. *State*, 66 Ind. 94, is a type, which hold that such an opinion does not disqualify the person who entertains it from sitting as a juror. In the case before us, there is more than an opinion of a transient and yielding nature—more than an opinion that a particular person is guilty of a specific offence charged against him; there is a strong and settled conviction against a whole

class, which directly and unalterably bears against one of the parties to the action.

We are not unmindful that some of the answers contain an expression of the juror's opinion, that he can rid himself of his matured conviction; but these answers themselves show the juror's doubt of his ability to do this, and taken, as they must be, in connection with his other answers, show a strong and deliberate opinion which would control him even though he struggled against it.

This case can easily be discriminated from that of *Elliott* v. *State*, 73 Ind. 10. A marked distinguishing feature is, that, in the case cited, the prejudice of the juror against the liquor traffic was as to a mere collateral matter, not as to one directly in issue. We agree that a man's prejudice against the business of liquor-selling does not affect his competency to try one accused of violating the law against selling liquor without license, and in doing this approve *Elliott* v. *State, supra;* but this by no means leads to the conclusion that Wrightsman was a competent juror.

Appellant complains of an instruction, informing the jury, that he must prove, by a preponderance of the evidence, that he was a fit person to be entrusted with a license. The instruction was proper, and the complaint groundless. *Goodwin* v. *Smith,* 72 Ind. 113; S. C., 37 Am. Rep. 113, *n.*

Judgment reversed.