Filed Dec. 10, 1886.

---

No. 13,190.

## STOOTS v. THE STATE.

JUROR.—*Bias.*—*Incompetency.*—*Intoxicating Liquor.* — *Criminal Law.* —One who, upon the examination touching his qualifications to serve as a juror, in a prosecution for unlawfully selling intoxicating liquor, admits that he would allow less weight and credit to the testimony of the defendant, if he should testify in his own behalf, than he would if such defendant were not engaged in the business of selling liquor, is incompetent.

From the DeKalb Circuit Court.

*H. Colerick, D. D. Moody* and *W. L. Penfield,* for appellant.

*F. T. Hord,* Attorney General, *H. C. Peterson,* Prosecuting· Attorney, and *C. Emanuel,* for the State.

NIBLACK, J.—Stoots, the appellant, was prosecuted in the court below, upon affidavit and information, under section 2098, R. S. 1881, for selling intoxicating liquor on Sunday to be drunk as a beverage. A jury found him guilty as charged, and a judgment of conviction was rendered upon the verdict.

When the cause was called for trial, and a jury was about to be empanelled, it was admitted by counsel for the State that the appellant was, at the time the offence was charged to have been committed, and still was, engaged in the busi-ness of selling intoxicating liquors by retail, under a license issued to him by order of the board of commissioners of DeKalb county. One William J. Bowman was then called as a juror, and, after being duly sworn to answer questions touching his qualifications to act in that capacity, one of the appellant's attorneys inquired of him as follows: "I will ask you to state whether, if the defendant were to testify in his own behalf in this cause, you would allow less weight and credit to his evidence, in his own behalf, than you would if he were not engaged in the business of selling liquors?" To this Bowman answered: "I think I should." Thereupon coun-sel for the appellant challenged Bowman for cause, but the circuit court held that the answer thus given did not dis-qualify him from serving as a juror in the trial of the cause, and overruled the challenge. The circuit court also refused to permit a similar question to be propounded to two other persons called to serve as jurors, to which exceptions were reserved.

The pertinency of the question so addressed to Bowman, and the materiality of his answer as affecting his competency as a juror, have been made questions for decision upon this appeal.

Our statute makes it a misdemeanor to sell intoxicating liquor on Sunday to be drunk as a beverage, and imposes many other restrictions upon the sale of intoxicating liquor not imposed upon other branches of business. It has always been the policy of the law in this State to treat the business of selling intoxicating liquors as exceptional, and as one re-quiring regulation and restraint, and it is a matter within the common knowledge of all that the propriety of permitting the sale of intoxicating liquors as a beverage, under any cir-

cumstances, has long been, as it still is, a subject of very earnest discussion, and upon which there is a great diversity of opinion. The mere fact, therefore, that a man may be opposed to the policy of permitting the sale of intoxicating drinks, and may have some prejudices against those engaged in the sale of intoxicating liquors, does not necessarily disqualify him from serving as a juror in a prosecution for the unlawful sale of that class of liquors. This has been, in effect, heretofore held by this court. *Chandler* v. *Ruebelt*, 83 Ind. 139; *Shields* v. *State*, 95 Ind. 299. The same doctrine has also been recognized by the Supreme Court of Illinois. See *Robinson* v. *Randall*, 82 Ill. 521; *Meaux* v. *Whitehall*, 8 Brad. Rep. 173. But, so far as we are advised, it has never been held that a person called to serve as a juror, who admits that his prejudices against a business, recognized as lawful, are so fixed that he might not, and probably would not, give to the testimony of a party engaged in it as much weight and credit as he would if the party were employed in some other business, is a competent juror to try a cause involving the business against which such prejudices are admitted to exist. On the contrary, the fair inference, from the drift of the authorities bearing on the general subject, is, that a person so moved by his prejudices is at least *prima facie* incompetent as a juror to try such a cause. See *Robinson* v. *Randall*, *supra*; *Meaux* v. *Whitehall*, *supra*; *Chandler* v. *Ruebelt*, *supra*; *Shields* v. *State*, *supra*; also, *Mima Queen* v. *Hepburn*, 7 Cranch, 290; *People* v. *Allen*, 43 N. Y. 28; *Chicago, etc., R. R. Co.* v. *Adler*, 56 Ill. 344; *Sam, a Slave*, v. *State*, 13 Sm. & M. 189; *Curry* v. *State*, 4 Neb. 545; *Block* v. *State*, 100 Ind. 357.

The answer of Bowman to the question addressed to him in this case did not indicate any leaning against, or ill will or aversion towards, the appellant personally, and hence did not present a condition of mind amounting to *actual* bias against him, but did, as we believe, manifest an *implied* bias

against him as a party in the cause, as well as against his defence, within the spirit and meaning of that term as defined. in the case of *Block* v. *State, supra.* It manifested a bias against all persons engaged in the same business, and consequently an *implied* bias against the appellant as the defendant in this prosecution.

The precise formula which may be adopted in the examination of a person called to serve as a juror, for the purpose of testing his competency, and the extent to which such an examination may be carried, necessarily rest very largely in the discretion of the *nisi prius* court; but such an examination ought not to be permitted to take an indefinitely wide range, concerning merely collateral or incidental matters having some possible connection with the cause, and, in that connection, it is suggested that the question addressed to Bowman as above was to a matter too collateral, as well as too remote, to be material as affecting his competency as a juror, and that on that account his answer did not disclose any bias against the appellant on the merits of the cause.

There is some pertinency in this suggestion, but, upon full consideration, we are of the opinion that, in view of the appellant's right to challenge peremptorily, as well as for cause, and, as incident to that right, the propriety of his first being able to ascertain the proposed juror's preconceived opinions on the subject of the liquor traffic, including his estimate of the character of persons engaged in it, the question was not an improper one; that, in fact, the inquiry, implied by the question, was one the appellant was entitled to make of all the persons called as jurors.

If the examination of Bowman had been further continued, and his subsequent answers had disclosed that, notwithstanding his apparent bias against those engaged in the sale of intoxicating liquor, he could have given the evidence at the trial all the weight to which it was entitled, and have tried the cause impartially upon its merits, a different question.

would have been presented. See *Shields* v. *State, supra; Butler* v. *State,* 97 Ind. 378 ; *People* v. *Carpenter,* 102 N. Y. 238.

The judgment is reversed, and the cause remanded for a new trial.

