Sherfey, Administrator, *v*. The Evansville and Terre Haute Railroad Co.

Filed Jan. 11, 1890.

———————◆———————

121 427
134 676

No. 15,086.

SHERFEY, ADMINISTRATOR, *v*. THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY.

RAILROAD.—*Negligence.* — *Wrongful Death.*—*Action for Damages.*—*Pleading.*—*Complaint.*—In an action against a railroad company to recover damages for the death of a decedent, caused by its negligence, a complaint which alleges that the defendant unlawfully, carelessly, and wilfully, ran one of its locomotives and trains over the decedent, who was walking in the street adjoining its track, the specific acts charged being the running of the train at a high and dangerous rate of speed without ringing the bell, in violation of a city ordinance, charges negligence, but not a wilful killing, there being no averment that the defendant knew of the presence of the decedent upon the street or track, or that circumstances existed making the running of the train in the manner charged a reckless disregard of human life.

SAME.—*Evidence.*— *Witness's Conclusions.*— *Words Stricken Out.*—A witness who saw the decedent on the track at the time of the accident testified that " The train was going twenty-five or thirty miles, and he got off the track as much as four feet before it came along; the suction or force of the train drew him back, and he fell in front of and under the engine, and the train of cars passed over him," etc.

*Held*, that the words, " the suction or force of the train drew him back," were properly stricken out, on motion, as not expressing a fact, but merely an opinion of the witness.

*Held*, also, that the words, in another answer of the same witness, "he

Sherfey, Administrator, *v.* The Evansville and Terre Haute Railroad Co..

got as far off as he could before the train sucked him under," were properly stricken out, for the same reason.

SAME.— *Wilful Negligence.* — *What Constitutes.* — *Instruction.* — *Striking Out Words.*—It is not error for the court to strike out the words "there is little distinction, except in degree, in a positive intention to do wrong, or indifference whether wrong is done or not " from an instruction asked for as to what constitutes wilful negligence and the liability resulting from it, where it is complete without them, the words named having no legitimate place in such an instruction.

SAME.—*Evidence.*—*Intoxication of Decedent.*—*Rebuttal.*—The plaintiffs having introduced evidence to show that the decedent did not drink intoxicants during the afternoon before the accident of the evening, and was sober, they can not complain of the admission of evidence in rebuttal.

INTERROGATORIES TO JURY.—*Time of Submission.*—*Discretion of Court.*—It is discretionary with the court to submit interrogatories to the jury not presented until the argument is in progress.

SAME.—*Submission of.*—*Opposite Party.*—The statute does not require interrogatories to the jury to be submitted to the opposite party.

From the Gibson Circuit Court.

*W. A. Cullop, C. A. Buskirk, J. S. Pritchett, C. S. Kessinger* and *J. H. Brady,* for appellant.

*J. E. Iglehart* and *E. Taylor,* for appellee.

OLDS, J.—This is an action to recover damages for the death of appellant's decedent, Hubert Dickman, alleged to have been caused by the negligence of the appellee.

A question is made as to the complaint. It is contended by the appellant that the third paragraph of the complaint charges the wilful killing of the decedent, but we do not so construe the complaint. At the point where the decedent was run over the railroad is located upon and along a public street in the city of Vincennes. The complaint alleges that the decedent was walking upon said street going to the depot of the defendant to take passage on one of defendant's trains, and then follows this allegation :

" While so walking thereon, the .defendant unlawfully, carelessly and wilfully ran one of its locomotives and trains over, upon and against him and killed him; that said wilful, careless, negligent and unlawful act of the defendant,

consisted in defendant, by its servants in charge of said train, running said train through said city along said highway at a high and dangerous rate of speed, and by increasing its high and dangerous rate of speed as it approached said decedent, and without ringing the bell on said locomotive, in violation of an ordinance," etc.

There is no averment in the paragraph that the defendant, or its servants, knew that the decedent was upon the track or street. The words " wilful," " careless " and " unlawful " are made use of, but the specific acts charged are the running of the train at a high and dangerous rate of speed without ringing the bell, in violation of a city ordinance. No facts or circumstances are averred from which it can be said the defendant had knowledge that the decedent was upon the track, or that the circumstances or use of the street was such as the act of running the train in the manner charged constituted a reckless disregard of human life, or that injury would even probably result to some person by such acts of negligence.

The charge is in effect but the same as the charge of running a train over a street or highway crossing without giving such signals as required by law, which has been held to constitute negligence, and while this paragraph charges negligence it does not charge a wilful killing.

The paragraph, though not tested by demurrer, was clearly bad, for not averring that the decedent was without fault. *Louisville, etc., R. W. Co.* v. *Bryan,* 107 Ind. 51 ; *Gregory* v. *Cleveland, etc., R. R. Co.,* 112 Ind. 385.

There was a trial, resulting in a verdict and judgment for the defendant. The appellant filed a motion for a new trial, which was overruled, and various errors are assigned and discussed. The first we notice is the alleged error of the court in sustaining a motion to strike out parts of the deposition of Mary Van Meeter.

The witness having testified that she saw the decedent on the track at the time the injury occurred, she was asked to

state what she saw at the time, and she answered: " The train was going 25 to 30 miles an hour, and he got off of the track as much as four feet before it came along; the suction or force of the train drew him back, and he fell in front of and under the engine, and the train of cars passed over him," etc.

The court, on motion, struck out the words, " The suction or force of the train drew him back," and this ruling, it is contended, is error. There was no error in this ruling. The portion of the answer struck out was a mere opinion or conclusion of the witness, and not a fact. The witness testified where the decedent was at the time the train reached him, and that he fell; these were facts which she was properly permitted to state, but the statement struck out, that the cause of his fall was the suction of the train, was a mere opinion of the witness, a conclusion she drew from what she saw, and it was not proper for her to state her conclusion to the jury.

The court, on motion, also struck out of another answer of the witness the words " he got as far off as he could before the train sucked him under;" this statement is more objectionable than the former one; but they are substantially the same. The witness saw the movements of the decedent and the train at the time of the occurrence, and from what she saw she reaches two conclusions, and states them in answer to this question; one conclusion is that the decedent got as far from the train as he could before the suction of the train was such as to draw him back under it; and the other is that the suction of the train did draw him under it. These conclusions of the witness were properly struck out of the answer.

Misconduct of defendant's counsel is assigned as a cause for a new trial. It appears that defendant's counsel prepared, with the exception of filling some blanks, a number of interrogatories before the commencement of the argument, and that during the closing argument of the plaintiff it is contended defendant's counsel took the interrogatories, filled the

blanks, and added two others to the list, returned them to
the court without calling the attention of plaintiff's counsel
to the fact, and the court submitted them to the jury to be
answered. This was a matter within the discretion of the
court. The court was not bound to submit interrogatories
to the jury which were not presented until that late stage of
the trial; but if counsel prepared them and requested them
submitted, and the court did so, there is no error or misconduct
entitling the adverse party to a new trial. The statute does
not require interrogatories to be submitted to the opposite
party. It is, no doubt, the proper and better practice that
interrogatories should be submitted before the argument
commences, and that opposing counsel have an opportunity
to examine them and submit any objection they may have
to them. *Ollam* v. *Shaw*, 27 Ind. 388; but the time and
manner of submitting them must necessarily, to a great ex-
tent, be under the control and discretion of the trial court;
and when the trial court receives them during the argument
and submits them to the jury, it will not constitute such
error as will reverse the judgment. The interrogatories
were submitted to the court, and the jury directed and did
answer them, and the question was brought before the court
on review by motion for a new trial, and the court held, in
effect, that no harm resulted; and it being a matter within
the discretion of the court, we do not think this was an abuse
of such discretion. Counsel have cited some decisions of
this court: *Ollam* v. *Shaw, supra; Malady* v. *McEnary,*
30 Ind. 273; *Glasgow* v. *Hobbs,* 52 Ind. 239; *Miller* v. *Voss,*
40 Ind. 307, which it is contended hold that interrogatories
must be submitted before the argument of the cause com-
mences, and submitted to the opposite party, or his counsel,
for examination and objection; but these decisions go no
farther than to hold that they can not of right be required
to be answered if submitted after that time; but that it is
within the discretion of the court to submit to the jury and

require them to be answered if presented after the argument is in progress.

Appellant's counsel requested the court to give to the jury certain instructions. The second instruction requested was in relation to what constitutes wilful negligence and the liability resulting from such negligence. The court modified the instruction by striking out the words, "There is little distinction except in degree in a positive intention to do wrong and an indifference whether wrong is done or not," and gave it to the jury.

We do not deem it necessary to set out this instruction in full. The instruction was complete without these words, and they do not have any legitimate place in the instruction, and no good purpose could have been subserved by leaving them in the instruction.

The jury were told what would constitute a wilful injury, and what indifference or recklessness would constitute such a disregard of the rights of others as to make the defendant liable. But the instruction was given more favorably to the appellant than he was entitled under the issues in the case, as each of the paragraphs of the complaint only charged negligence, and not a wilful killing.

There are numerous exceptions to instructions given by the court, principally urged and discussed upon the theory that the complaint is to recover for the wilful killing of the decedent. We, therefore, do not deem it necessary to set them out at length, as we have held that the complaint is not for the wilful killing of the decedent, but for negligently causing the death of the decedent, and there could not be a recovery except the decedent was free from contributory negligence.

We have examined the instructions given and refused, and do not think there is any available error for which the judgment should be reversed. Possibly plaintiff may have been entitled to a more specific instruction as to what constituted contributory negligence if he had requested such an instruc-

tion to be given, but since he did not, he can not obtain a reversal, as the instruction given on that subject is not erroneous, but states the general rule of law correctly.

Counsel assign as error the ruling of the court in the admission of evidence tending to prove that the decedent was intoxicated in the afternoon of the day the injury and death occurred in the evening a few hours before the injury and death.   It is sufficient to say in regard to the admission of this testimony, that the plaintiffs, in making out their case, introduced evidence in chief to show the decedent did not drink any intoxicating liquors during the afternoon, and was sober.   Witnesses testified that they were with him, and that he did not drink anything, and was sober.   Having introduced this evidence, they can not be heard to complain of the ruling of the court in the admission of evidence to disprove and rebut it.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

