## TERRE HAUTE ELECTRIC COMPANY *v.* WATSON.

[No. 4,827.    Filed May 10, 1904.]

TRIAL.—*Juries.—Challenge.—Harmless Error.*—Available error can not be predicated upon the action of the court in overruling defendant's challenge of a juror for cause, where the juror was afterward peremptorily challenged by defendant, and the defendant went to trial without exhausting all of his peremptory challenges. *pp. 124–126.*

DAMAGES.—*Permanent Injuries.— Impairment of Earning Capacity.— Complaint.—Evidence.*—An averment in a complaint in an action for personal injuries that plaintiff's injuries are permanent and will leave him a cripple for life is sufficient to admit evidence of impairment of earning capacity.  *pp. 126, 127.*

WITNESSES.—*Cross-Examination.*—Where defendant's witness on his direct examination testified that the car upon which plaintiff was riding at the time of the injury was inspected by him the night before the injury and was in perfect order, questions on cross-examination calculated to test the knowledge of the witness of cars in order to enable the jury to weigh his testimony given in chief were proper.  *p. 127.*

From Clay Circuit Court; *P. O. Colliver,* Judge.

Action by Thomas Watson against the Terre Haute Electric Company.  From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*A. W. Knight,* for appellant.
*S. D. Coffey* and *S. M. McGregor,* for appellee.

COMSTOCK, J.—Appellee recovered in the court below a verdict and judgment thereon in the sum of $1,000 for personal injuries alleged to have been sustained on account of a collision between one of appellant's street cars, in which he was riding as a passenger, and a switching train of the Terre Haute & Indianapolis Railroad Company.  The cause was put at issue by general denial.

The only error relied on for reversal is the overruling of appellant's motion for a new trial.  The first reason set out in said motion which is discussed is the third, and is the overruling of defendant's challenge for cause to one Archer, a juror called on the trial of the cause.  Said juror on his

*voir dire* answered as follows: "Have you, Mr. Archer, any prejudice against this street car company? A. I think I have. I will ask you if your prejudice against the street car company is such as would prevent you from giving the defendant a fair and impartial trial in this case according to the law and the evidence? A. No, sir. Do you think you could fairly and impartially try the case if you had no prejudice against this company? A. Yes. On what grounds are you prejudiced against the defendant? A. On account of the strike. Have you any prejudice against the company in this case? A. No, sir." Defendant's counsel, in objecting, said: "I challenge the juror for cause for the reason that in answer to a question by the attorney for the defendant he states that he is prejudiced against the defendant." The court overruled the challenge made by defendant, to which defendant excepted, and counsel for defendant excused Mr. Archer. The defendant thereupon objected to the competency of said Archer to serve as a juror, and stated to the court, as ground for challenge, that said Archer had stated in answer to a question by defendant's counsel that he was prejudiced against the defendant, but the court overruled the defendant's challenge, to which ruling the defendant at the time excepted and then peremptorily challenged and excused said juror.

The decisions all recognize the principle "that the object of the law is to procure impartial and unbiased persons for jurors. Juries should be devoid of prejudice. Upon this plain position we cite a few Indiana cases. *Keiser* v. *Lines,* 57 Ind. 431; *Fletcher* v. *Crist,* 139 Ind. 121; *Chandler* v. *Ruebelt,* 83 Ind. 139; *Stoots* v. *State,* 108 Ind. 415; *Brown* v. *State,* 70 Ind. 576; *Pearcy* v. *Michigan Mut. Life Ins. Co.,* 111 Ind. 59; *Block* v. *State,* 100 Ind. 357. Conceding, without deciding, that the court erred in holding the juror qualified, were the substantial rights of appellant prejudiced by the action of the court? Only errors affecting the

substantial rights of litigants are cause for reversal. §491 Burns 1901, §398 Horner 1901. Archer did not sit as a juror. A jury was subsequently selected, and it does not appear that appellant's peremptory challenges were exhausted. It is contended by appellant that the peremptory challenge did not cure the error of the court in overruling the challenge for cause. *Brown* v. *State, supra,* and *Fletcher* v. *Crist, supra,* are cited in support of this claim. These cases so hold, but in *Siberry* v. *State,* 149 Ind. 684, *Brown* v. *State, supra,* is expressly overruled, and *Fletcher* v. *Crist, supra,* is modified so far as it follows and recognizes *Brown* v. *State, supra.* We quote from *Siberry* v. *State, supra,* at page 703 : "As long as he had accepted the jury voluntarily without having exhausted his peremptory challenges the error, if error it was, of forcing him to use two of his peremptory challenges to get rid of the two alleged incompetent jurors did not harm him, and hence must be disregarded by the express terms of the statute." Upon the subject of reversal of judgment for harmless error, see, also, *Union Mut. Life Ins. Co.* v. *Buchanan,* 100 Ind. 63; *McGee* v. *State, ex rel.,* 103 Ind. 444; *Walling* v. *Burgess,* 122 Ind. 299, 7 L. R. A. 481; *Rinehart* v. *Niles,* 3 Ind. App. 553, and cases cited.

During the trial the plaintiff was asked how much money he was able to earn before he received his injury. Defendant objected on the ground that the evidence thus sought to be elicited tended to establish special damages not prayed for in the complaint, and, not being alleged, it was error to admit evidence thereof. The complaint alleges that plaintiff's "injuries are permanent, and will leave him in a crippled condition for life." An averment of permanent disability is, as a rule, sufficient to admit evidence of impairment of earning capacity. Watson, Damages for Per. Inj., 639, 640; *Morgan* v. *Kendall,* 124 Ind. 454, 9 L. R. A. 445. See, also, *City of Logansport* v. *Justice,* 74 Ind. 378, 39 Am. Rep. 79; *Cleveland, etc., R. Co.* v. *Gray,* 148

Ind. 266. The purpose of alleging special damages is to give notice thereof that the adverse party may be prepared to meet them. The allegations of the complaint are sufficient for that purpose.

It is further contended that the cross-examination of appellant's witness Henry Kelrney was contrary to the established rules of procedure, and injurious to the appellant. This witness was the car inspector of appellant. He testified on direct examination that the car upon which the appellee was riding at the time of the injury was inspected by him on the night before the injury, and was in perfect order. On cross-examination he testified that he was an expert not only in examining cars, but in their operation. All the questions about which the appellant complains were calculated to test his knowledge of cars to enable the jury to weigh his testimony given in chief when he said this particular car was in perfect order on the night before the injury. This was proper cross-examination. *Boyle* v. *State,* 105 Ind. 469, 55 Am. Rep. 218; *Hyland* v. *Milner,* 99 Ind. 308; *Wachstetter* v. *State,* 99 Ind. 290, 50 Am. Rep. 94. The extent to which the cross-examination may go is largely in the discretion of the trial court, and a judgment will not be reversed unless the court abused such discretion to the injury of the party complaining. *City of South Bend* v. *Hardy,* 98 Ind. 577; *Bessette* v. *State,* 101 Ind. 85. We have considered all the questions discussed.

Judgment affirmed.