## CINCINNATI, LAWRENCEBURG & AURORA ELECTRIC STREET RAILROAD COMPANY *v.* LEONARD.

[No. 5,228.   Filed April 7, 1905.]

1. DAMAGES.—*Elements of.*—*Personal Injuries.*—For personal injuries on account of defendant's negligence, the jury may consider the plaintiff's loss of time, his pain, mental anguish, permanent disability, and his peril in estimating his damages.   p. 269.

2. SAME.—*Excessive.*—*Street Railroads.*—*Carriers.*—*Passengers.*—Where a passenger on a street railroad is bruised up generally in a collision and his arm injured so that it has remained crooked and his chest injured so that when he works or lies on his side it constantly pains him, a verdict for $200 is not excessive.   p. 269.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Action by Hugh J. Leonard against the Cincinnati, Lawrenceburg & Aurora Electric Street Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Stanley Shaffer, Frank B. Shutts* and *Martin J. Givan,* for appellant.

*Roberts & Johnston,* for appellee.

ROBY, J.—Appellee was a passenger on one of appellant's electric cars, which collided with another car going in the opposite direction upon the same track. By the force of the collision the seat on which appellee was sitting was "knocked off." He was thrown through an open door, and, as he testified, "fell, and felt an awful jar on my right arm and breast." He further testified: "I went to Dr. House's office. I did not know where I was hurt, I was bruised up so, so he wrapped up both arms. Applied arnica. I suffered pain a long while. If I sleep on this side I have a severe pain all night. It hurts me. My arm has been crooked ever since. My chest hurts me when I am exhausted carrying iron in these ladles."

The only cause appellant assigns for a reversal of the judgment is that "the damage assessed by the verdict is excessive."

1. The jury were authorized to fix such sum as would compensate the appellee not only for loss of time, but for pain, mental anguish, permanent disability, if any, and to "take into account the peril, if any there was, to plaintiff's life."

2. The appellee's damage was fixed by the jury at $200. The court rendered judgment upon this verdict, which does not seem to this court to be excessive.

Judgment affirmed.