## HAMILTON, HARRIS & COMPANY *v.* LARRIMER.

[No. 22,060. Filed April 28, 1914. Rehearing denied June 22, 1915.]

1. APPEAL. — *Review.* — *Verdict.* — *Conclusiveness.* — A verdict for plaintiff can not be disturbed on the evidence where there is some evidence to support each averment of the complaint, since the weight of the evidence and credibility of the witnesses are questions for the jury. p. 431.

2. APPEAL.—*Review.*—*Instructions.*—There is no reversible error in the giving of instructions where the instructions as a whole properly present the law governing the case. p. 431.

3. APPEAL. — *Review.* — *Refusal of Peremptory Instruction.* — The court properly refused an instruction directing a verdict for defendant where there was evidence supporting every allegation of the complaint. p. 432.

4. NEGLIGENCE.—*Violation of City Ordinance.*—*Instructions.*—In an action for personal injuries to plaintiff, who was struck by an automobile truck alleged to have been negligently driven to the right in passing a sprinkling cart, instead of to the left, where the ordinance required drivers in passing vehicles from the rear to drive to the left and made no exceptions as to passing sprinkling carts, a violation of such ordinance, constituted negligence *per se*, the court properly refused an instruction that the act of driving to the right of a sprinkling cart was not a violation of the ordinance, and that defendant would not be liable. p. 432.

5. APPEAL.—*Review.*—*Rejection of Evidence.*—In an action for injuries sustained in being struck by a motor truck, the court properly excluded the testimony of a bystander, who was not informed on the subject of operating motor trucks, in response to questions calling for his opinion as to the manner in which the truck in question was stopped. p. 432.

6. APPEAL.—*Review.*—*Misconduct of Counsel.*—*Waiver of Error.*— Alleged misconduct of counsel can not be made a ground for reversal where the record does not disclose any timely objections or exception in relation thereto. p. 433.

7. NEGLIGENCE.—*Personal Injuries.*—*Instructions.*—*Loss of Time as Element of Damage.*—Where the evidence in a personal injury

case disclosed that plaintiff was 41 years of age, and had been earning $150 per month, that the injury caused his confinement to bed for nearly eleven weeks, and to the house for about seven months, that he was constantly under the care of a physician and nurse, had contracted a doctor bill of $2,000, and that he was permanently disabled, the court was warranted in instructing the jury that it might consider loss of time as an element of damages. p. 433.

8. DAMAGES. — *Personal Injuries.* — *Excessive Damages.* — Where plaintiff in a personal injury case had a life expectancy of more than twenty-five years, an earning capacity of about $1,800 per year, and was shown to have been permanently disabled from performing any work, an award of damages in the sum of $15,000 can not be held excessive. p. 433.

From Superior Court of Marion County (82,975) ; *Joseph Collier*, Judge.

Action by Al Larrimer against Hamilton, Harris and Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Michael A. Ryan, John C. Ruckelshaus, Alexander C. Ayres,* and *Frank C. Ayres,* for appellant.

*Clinton B. Marshall, Eph Inman, E. M. Hornaday* and *U. C. Stover,* for appellee.

ERWIN, J.—This was an action brought by appellee against appellant to recover damages for personal injuries, sustained by appellee on May 10, 1910. The complaint was in four paragraphs. The first paragraph alleges, in substance, that appellee was attempting to cross a public street in the city of Indianapolis, from west to east; that appellant was the owner of, and was operating an automobile truck, going north on the street; that there was a sprinkling cart moving northward along the street, leaving more space to its left than to its right, and that appellant's truck was negligently propelled to the right of the sprinkling cart, and that appellant's truck was propelled negligently, carelessly and recklessly, and ran upon, and over, appellee without any fault, or negligence upon his part, whereby he was severely injured, to his damage, $25,000. The second and

third paragraphs state the same grounds of complaint, in slightly different language. The fourth paragraph states the same facts, in substance, and alleges further that at the time of the accident, there was an ordinance in force in the city requiring vehicles to keep to the right, and allow other vehicles coming behind to pass on the left, and avers that appellant violated this ordinance by passing to the right of the sprinkling cart, and by reason thereof appellee was injured, and closing with a prayer for relief in the sum of $25,000. No demurrer was addressed to this complaint, and the same is not questioned here. Judgment was rendered for appellee in the sum of $15,000, after a motion for a new trial on the part of appellant, was by the court overruled. The only error assigned, is that the court erred in overruling the motion for a new trial.

The causes for a new trial are, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; that the damages are excessive; that the court erred in the giving of certain instructions; in refusing to give certain instructions tendered by appellant; sustaining objections to certain questions asked by appellant of certain of its witnesses; striking out certain answers made by witnesses in answer to questions asked by appellant of one of its witnesses; and alleged misconduct of appellee's attorney.

There was some evidence on each and every averment in the complaint. Its weight and the credibility of the witnesses were questions for the determination of the

1. jury, and its findings are conclusive and this court has no authority to pass upon the sufficiency of the same.

The court of its own motion gave nineteen instructions, which, with instruction No. 2 tendered by the appellant covered every phase of the case, including negligence,

2. contributory negligence, the facts necessary to establish the same with further instructions as to the rules which should govern in the weighing of evidence and the

credibility of witnesses, the facts which the jury might take into consideration, in fixing its verdict as shown by the evidence; and taken as a whole, were a proper presentation of the law governing the case. Appellant complains that 3. the court refused to give a mandatory instruction, directing the jury to return a verdict for appellant. This was rightly refused. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592, 74 N. E. 613; *Farmers Nat. Bank* v. *Coyner* (1909), 44 Ind. App. 335, 88 N. E. 856.

Appellant tendered an instruction to the effect that if there was room to pass the water wagon on the right, it was not a violation of the city ordinance to do so, and appellant would not be liable. This the court refused 4. to give, and rightly so, for the willful or negligent violation of a city ordinance is negligence *per se. Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345, 350, 53 N. E. 290, 44 L. R. A. 638; *Pennsylvania Co.* v. *Stegmeyer* (1889), 118 Ind. 305, 309, 20 N. E. 843, 10 Am. St. 136, and cases cited. The ordinance in question made no exception as to sprinkling carts, and the court was justified in ruling that the motor truck was required to go to the left, the same as it would have to go to the left of any vehicle it was passing. *Green* v. *Eden* (1900), 24 Ind. App. 583, 56 N. E. 240.

The question and answer to which the court sustained a motion to strike out the answer is as follows: "Do you know whether or not they stopped as quickly as it 5. could be done?" to which the witness made answer: "I should judge so. I think the young man did very well." The other questions to which the court sustained objections were of a similar character, and asked of a bystander and witness to the accident, and who did not pretend to be informed on the subject of the operation of motor trucks, and called for an opinion of the witness. There was no error in excluding the testimony. *Sherfey* v. *Evansville, etc., R. Co.* (1890), 121 Ind. 427, 23 N. E. 273; *Cleveland, etc., R. Co.* v. *Osgood* (1905), 36 Ind. App. 34, 73 N. E. 285.

The appellant in his motion for a new trial complains of certain alleged misconduct of appellee's counsel in the examination of the jury on its *voir dire*, and in his argument to the jury. No objection was interposed to any of the conduct complained of, at the time, and no exceptions were reserved to any ruling of the court, in relation thereto. If error occurred appellant has waived his right to complain by failing to make timely objections. *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 557, 97 N. E. 429.

Appellant complains that the court erred in its instruction No. 18, as to the measure of damages in that it told the jury it might consider loss of time. The evidence disclosed that appellee was 41 years of age, was earning near $150 per month. The complaint alleges that he was rendered incapable of performing any work, since the injury complained of. The evidence showed that appellee was held in bed for eleven weeks; that he was confined to the house from May to December, constantly under the care of a physician and nurse, and that he had contracted a doctor bill of $2,000; that he is compelled to wear a brace to support his head, and that he is permanently disabled, and will be a cripple for life. The evidence warranted the court in instructing the jury that it might consider loss of time as an element of damages. *Terre Haute Electric Co.* v. *Watson* (1904), 33 Ind. App. 124, 70 N. E. 993; *Cincinnati, etc., St. R. Co.* v. *Leonard* (1905), 35 Ind. App. 268, 73 N. E. 932; *Indiana Car Co.* v. *Parker* (1885), 100 Ind. 181; *Pittsburgh, etc., R. Co.* v. *Warrum* (1908), 42 Ind. App. 179, 82 N. E. 934, 84 N. E. 356. It cannot be said that the damages are excessive. With an expectancy of more than twenty-five years, and an earning capacity of about $1,800 per year, the jury would have been justified in awarding heavier damages.

There being no reversible error the judgment is affirmed.

NOTE.—Reported in 105 N. E. 43. As to right of recovery against person who has left a street in a dangerous condition, see 34 Am. Dec. 40. As to the rule of the road governing vehicles proceeding in the same direction generally, see 41 L. R. A. (N. S.) 337; Ann. Cas. 1913 A 833. As to what is excessive verdict in an action for personal injuries not resulting in death, see 16 Ann. Cas. 8; Ann. Cas. 1913 A 1361. See, also, under (1) 3 Cyc. 348; (2) 38 Cyc. 1778; (3) 38 Cyc. 1567; (4) 28 Cyc. 37, 49; (5) 17 Cyc. 39; (6) 3 C. J. 861, 909; 2 Cyc. 677, 714; 38 Cyc. 1507; (7) 13 Cyc. 238; (8) 13 Cyc. 130.