[No. 27001. Department Two. August 16, 1938.]

RUTH G. BALDWIN, *as Administratrix, Appellant,* v. WASHINGTON MOTOR COACH COMPANY, *Respondent.*[1]

*Wm. Phelps Totten,* for appellant.

*Roberts & Skeel* and *W. R. McKelvy,* for respondent.

MILLARD, J.—On December 25, 1935, an automobile, in which the deceased was riding and which was operated by her son, collided with an automobile operated by Thomas H. Baker, Jr., at the intersection of east Eightieth street, Bothell way, and Fourteenth avenue northeast, in the city of Seattle. Mrs. Gollofon sustained fatal injuries as a result of that collision.

On December 23, 1935, a motor coach of the Washington Motor Coach Company was proceeding in a

[1]Reported in 82 P. (2d) 131.

southwesterly direction on Bothell way and was at the intersection where the above described accident occurred two days later, in which this motor coach was in no way involved, when an automobile, operated by one Schmidt, traveling in a northerly direction on Fourteenth avenue northeast, collided with the motor coach. In this accident, an arterial stop sign at this intersection was knocked down and had not been replaced when, two days later, the Gollofon automobile collided with the Baker automobile in this intersection.

The administratrix of the estate of the deceased brought an action against the motor coach company and Baker to recover for the death of Mrs. Gollofon. The motor coach company's defense to the charge of negligence in knocking down the arterial sign (the absence of which was alleged as a cause of the collision of deceased's automobile with Baker's automobile) was that Schmidt failed to stop at the arterial highway and ran into the left side of the motor coach; that the accident of December 23, 1935, was the proximate result of the negligence of Schmidt; and that the motor coach company had no knowledge of the fact that its motor coach collided with the arterial stop sign and did not acquire such knowledge until subsequent to the collision in the same intersection two days later of the automobile of the deceased with the automobile of Baker. The defense theory of Baker was that he entered the arterial highway without stopping and collided with the Gollofon automobile because of the absence of an old and regularly established arterial stop sign on the southwest corner of the intersection.

Trial of the cause to a jury resulted in verdict in favor of the plaintiff against the motor coach company. Baker was absolved from liability. The motion of the motor coach company for judgment notwithstanding the verdict was denied, but its motion for a new trial

was granted on the ground that instruction No. 16, reading as follows, was erroneous because of the phrases "without negligence on its part" and "without the negligence of the coach company" used in the second paragraph.

"It is unlawful for any person to remove or destroy any arterial stop sign placed on a highway by the public authorities. The claim of the plaintiff against the Washington Motor Coach Company is that on December 23, 1935, one of its coaches knocked down the arterial stop sign posted at the southwest corner of the intersection of Bothell Way and East 80th Street. The defendant Washington Motor Coach Company admits that its coach was in collision with said sign and knocked it down at the time and place in question but denies that it had any knowledge or notice of the destruction of the sign. It further alleges that the collision of its coach with the sign was due to no negligence on its part, but was due wholly to the negligence of another driver upon the highway.

"In order for the plaintiff to recover against the motor coach company, it is necessary that the plaintiff prove by a fair proponderance of the evidence either that the coach company negligently knocked the sign down or that having knocked the sign down, without negligence on its part, the said coach company by the exercise of reasonable care and observation should have discovered the destruction of the sign and either replaced the sign itself or notified the city authorities thereof. If you find from the evidence either that the sign was knocked down, due to the negligence of the coach company, or that the sign was knocked down without the negligence of the coach company by a collision of its coach with the sign and that in the exercise of ordinary care it should have discovered the destruction of said sign and failed to remedy or report the same as aforesaid, and that such act on the part of the coach company, or failure to act by it, was a proximate cause of the collision, then your verdict should be for the plaintiff and against the coach company.

"On the other hand, should you fail to find that the coach company was negligent in knocking down the

sign, and fail to find that the coach company was negligent in failing to replace the sign, or notify the city authorities thereof, then your verdict should be for the defendant Washington Motor Coach Company."

From the order granting the new trial, plaintiff has appealed.

Summarized, the contention of the appellant is that the violation of a statute or ordinance, like the statute and ordinance in the case at bar, intended and designed to prevent injury to persons or property, whether done intentionally or otherwise, is negligence *per se,* and renders one civilly liable in damages, if its violation proximately result in injury to another; for, in such case, the statute or ordinance becomes the standard of conduct or the rule of the prudent man. It is argued that the doing of the inhibited act constitutes a crime, and that the only fact to be determined is whether the defendant committed the act defined by the statute as a criminal offense.

The pertinent ordinance making it unlawful to destroy any public traffic sign, etc., is substantially the same as the statute, the provisions of which are as follows:

"Any person or persons who shall deface, mutilate, tear down, or destroy any sign board or post . . . erected or set up by the authorities of any city, town or county, shall be guilty of a misdemeanor, . . ." Rem. Rev. Stat., § 2716 [P. C. § 2697].

"It shall be unlawful for any person to remove, deface, mutilate or destroy any of the public sign-boards or guide-posts . . . or danger signals or warnings, . . ." Rem. Rev. Stat., § 6308 [P. C. § 2695].

"Any person violating any of the provisions of § 6308 . . . shall be guilty of a gross misdemeanor." Rem. Rev. Stat., § 6310 [P. C. § 2696].

We are committed to the rule that the violation of a statute intended and designed to prevent injury to

persons or property constitutes negligence *per se* and, if it contribute proximately to injury, is actionable negligence. If, in fact (and that, of course, would be a question for the jury), the respondent did not negligently knock the sign down and did not, in fact, know, as it contended, that the sign was knocked down, the respondent was not, in fact, guilty of actionable negligence.

If the respondent was not guilty of any negligence in knocking the sign down and did not know that the sign was knocked down, at most it could not be guilty of more than a technical violation of the statute and ordinance in question. To excuse the respondent for this technical violation, which resulted from a cause—the negligence of Schmidt—beyond respondent's control, would. not necessarily enunciate a principle inconsistent with the rule that violation of a statute is negligence *per se,* and may be taken

" . . . merely as an assertion of the rule that statutes are to be reasonably construed and that a statutory duty may be modified by the peculiar circumstances of a particular case." 45 C. J. 732.

In *Conder v. Griffith,* 61 Ind. App. 218, 111 N. E. 816, the plaintiff, a street car motorman, recovered a judgment against the defendant for injuries to the plaintiff, who stopped at a place which was not a regular stop and started to cross the street. He was struck by defendant's automobile, which was passing plaintiff's street car on the left side. The passageway on the right side of the street was blocked by a wagon opposite the street car. The trial court charged the jury that a violation of a city ordinance making it unlawful to drive along the middle or left side of any street except in the necessary act of crossing the street or passing a vehicle going in the same direction, was negligence; and that, if such negligence proximately con-

tributed to plaintiff's injury, the plaintiff was entitled to recover, unless guilty of contributory negligence. On reversal of the judgment, the appellate court of Indiana held that the instruction should not have been given, since, while it is the general rule that the violation of a statute or ordinance is *prima facie* negligence, there may be facts and circumstances excusing a technical violation and rendering it improper for the court to declare, as a matter of law, that the violation constitutes actionable negligence, and the court should have left it to the jury to determine whether defendant had a reasonable excuse for driving on the left side of the street car, contrary to the ordinance, and whether, in so doing, he exercised reasonable and ordinary care for the safety of others upon the street. The following language of the court is applicable in the case at bar:

"Instruction No. 12 given by the trial court relates to certain provisions of the city ordinance mentioned in the complaint, to the effect that it shall be unlawful for vehicles drawn by animal or other power to ride or drive on, over and along the middle or on, over and along the left side of any street, etc., 'except in the necessary act of crossing the same or passing a vehicle going in the same direction; and all such riders and drivers shall keep as nearly as practicable to the right side of the street, but the provision of this section shall not apply to street railways.' . . .

"The court told the jury that a violation of this ordinance by appellant was negligence and, if such negligence was the proximate cause of appellee's injury, he could recover, unless he was guilty of negligence contributing to his injury. The undisputed evidence shows that when the street car stopped at the engine house, which was not a regular stop for taking on and discharging passengers, the passageway on the right or south side of the street was blocked by a lumber wagon at the time opposite the street car. Instructions should not only state correct principles of law but they should be applicable to the issues and facts of the particular case in which they are given. Instruction No. 12

states correctly an abstract proposition of law, for the general rule is that the violation of a statute or ordinance which is the proximate cause of an injury is negligence *per se*. *Hamilton, Harris & Co. v. Larrimer* (1915), 183 Ind. 429, 105 N. E. 43; *Cincinnati, etc., R. Co. v. Butler* (1885), 103 Ind. 31, 37, 2 N. E. 138; *Cincinnati, etc., R. Co. v. Hiltzhauer* (1885), 99 Ind. 486, 487; *Louisville, etc., R. Co. v. Davis* (1893), 7 Ind. App. 222, 232, 33 N. E. 451. While the general rule is as above stated, and the violation of such statute or ordinance is *prima facie* negligence *per se,* nevertheless there may be facts and circumstances which will excuse a technical violation of an ordinance or statute and render it improper for the court to declare as a matter of law that such violation constitutes actionable negligence. It may be said that facts which will excuse such technical violation must result from causes or things beyond the control of the person charged with the violation. In such instances there may or may not be actionable negligence and it is a question of fact, to be determined by the court or jury trying the case, from all the facts and circumstances shown by the evidence, (1) whether there was a sufficient and reasonable excuse for such violation, and (2) whether in doing, or omitting the act complained of, the defendant was in fact guilty of actionable negligence. We do not find any direct authority for so stating the foregoing exception to the general rule that the violation of a statute, or ordinance resulting in an injury, is negligence *per se,* but reasoning by analogy, and on principle, such exception should be recognized, is reasonable, and tends to promote justice and the practical enforcement of the spirit and purpose of the statutes and ordinances to which reference is made. Such ordinances and statutes as the one now under consideration should receive a reasonable construction consistent with the purpose of their enactment and the practical difficulties that arise in their application to particular cases.

"In the case at bar, the undisputed fact of the obstruction on the south side of the street opposite the street car should have been taken into account and the question should have been submitted to the jury to

determine as a question of fact, (1) Whether under the circumstances appellant had a reasonable excuse for driving on the left side of the car contrary to the provisions of the ordinance, and if so, whether in so doing he exercised reasonable and ordinary care for the safety of others upon the street." *Conder v. Griffith,* 61 Ind. App. 218, 111 N. E. 816.

The supreme court of Nebraska held in *Simonsen v. Thorin,* 120 Neb. 684, 234 N. W. 628, 81 A. L. R. 1000, that the owner of a truck which accidentally knocked a trolley pole into the street owed to travellers generally the duty to warn them of the obstruction thus created, or else to remove the obstructing pole. That authority, which is cited in support of appellant's position, is clearly distinguishable from the case at bar.

The negligence of the defendant in that case was in leaving an obstruction—accidentally (but *knowingly*) placed there by the defendant, it is true—upon a street "in such a manner as will be dangerous to others using the street." The defendant's violation of a specific statute making it unlawful to "cause to be left upon any public road or street any broken substance whatever, liable to injure any person or vehicle," was the proximate cause of the accident.

The only question before us is whether the above-quoted instruction was prejudicially erroneous. We are in accord with the trial court that it was. Therefore, the order is affirmed.

Steinert, C. J., Beals, and Robinson, JJ., concur.

Blake, J. (dissenting)—I think the instruction is a correct statement of the law applicable to the facts. As stated in the majority opinion, violation of positive law constitutes negligence *per se*. If such negligence has any causal connection with the injury for which damage is claimed, liability follows as a matter of course. Since respondent, in knocking down the stop

sign, was guilty of negligence as a matter of law, it is wholly immaterial whether it was guilty of any antecedent act of negligence. Assuming that respondent's bus knocked down the stop sign, the only question left is whether the absence of the stop sign had a causal connection with the injury for which appellant claims damages. On the record now before us, it must be assumed that the jury, upon sufficient evidence, found that there was such causal connection between respondent's negligence and the injury.

I dissent.