**BRAMBLES INDUSTRIES, INC.,**
**d/b/a Chep USA, Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–0601–TA–3.

Tax Court of Indiana.

Aug. 28, 2008.

---

Larry J. Stroble, Randal J. Kaltenmark, Barnes & Thornburg LLP, Indianapolis, IN, James C. Owen, McCarthy, Leonard, Kaemmerer, Owen, McGovern, Striler & Menghini, L.C., Chesterfield, MO, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Jennifer E. Gauger, Deputy At-torney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

FISHER, J.

Brambles Industries, Inc., d/b/a Chep USA (Chep), appeals the Indiana Department of State Revenue's (Department) denials of its claims for refund of Indiana gross retail tax (sales tax) paid during the 2001–2004 tax years (years at issue). Chep filed the claims for refund on behalf of numerous manufacturers (manufacturers) who leased pallets from Chep during the years at issue and paid sales tax on those transactions.[1] The matter, currently before the Court on the parties' cross-motions for summary judgment, presents the following issues:

I.   Whether the manufacturers' lease payments to Chep are exempt from sales tax under Indiana Code § 6–2.5–5–8(b), the sale for resale exemption;

II.  Whether the manufacturers' lease payments to Chep are exempt from sales tax under Indiana Code § 6–2.5–5–9, the nonreturnable container exemption; and

III. Whether, in taxing the manufacturers' lease payments, the Department violated the manufacturers' constitutional rights under the Equal Protection Clause of the United States Constitution and the Privileges and Immunities Clause of the Indiana Constitution.

---

1. The manufacturers authorized Chep to pursue a refund of the sales taxes on their behalf. (*See* Pet'r Br. in Supp. of its Mot. for Summ. J. at 3–4.) Chep has provided a list of the manufacturers for whom it seeks a refund and stipulates that any refund awarded as a result of this appeal will be distributed to the manufacturers. (Pet'r Desig. Evid. Ex. 1–A; Hr'g Tr. at 52–53.)

## FACTS AND PROCEDURAL HISTORY

The following material facts are undisputed. During the years at issue, the manufacturers leased shipping pallets from Chep. Pursuant to their lease agreements, the manufacturers could only use the pallets to ship their products to those retailers who had separate agreements with Chep for the return of the pallets. (*See* Pet'r Desig. Evid. Exs. 1–C, 1–E at C–1 ¶ 5(d).) When the manufacturers shipped their products to those retailers, they were required to notify Chep as to the quantity and location of the pallets. (Pet'r Desig. Evid. Ex. 1–E at C–1 ¶ 5(e).)

In 2004, the manufacturers, through Chep, sought a refund of the sales tax remitted on their lease payments during the years at issue. The Department subsequently denied the claims.

On January 12, 2006, Chep initiated this original tax appeal. On February 5, 2007, Chep filed a motion for summary judgment. The Department filed a cross-motion for summary judgment on April 25, 2007. The Court conducted a hearing on the parties' motions on October 4, 2007. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ This Court reviews the Department's denial of refund claims *de novo*. IND.CODE ANN. § 6–8.1–9–1(d) (West 2008). Therefore, the Court is bound by neither the evidence nor the issues presented at the administrative level. *Galligan v. Indiana Dep't of State Revenue*, 825 N.E.2d 467, 472 (Ind. Tax Ct.2005), *review denied*.

Summary judgment is appropriate only where no genuine issues of material fact

exist and the moving party demonstrates that it is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross-motions for summary judgment do not alter this standard. *Williams v. Indiana Dep't of State Revenue*, 742 N.E.2d 562, 563 (Ind. Tax Ct.2001).

## DISCUSSION AND ANALYSIS

Indiana imposes an excise tax, known as the state sales tax, on retail transactions made within the state. IND.CODE ANN. § 6–2.5–2–1(a) (West 2008). "The person who acquires property in a retail transaction is liable for the tax on the transaction[.]" A.I.C. § 6–2.5–2–1(b). There is no dispute here that the manufacturers' leasing of pallets from Chep is a retail transaction. *See* IND.CODE ANN. § 6–2.5–4–10(a) (West 2001) (stating that a retail transaction occurs when "[a] person, other than a public utility ... rents or leases tangible personal property to another person other than for subrent or sublease") (amended 2003). Nevertheless, the manufacturers claim that they were exempt from paying the tax under either the sale for resale exemption or the nonreturnable container exemption.[2] The manufacturers also claim that the taxation of their leases violates the Equal Protection Clause of the United States Constitution and the Privileges and Immunities Clause of the Indiana Constitution. Each of these claims will be discussed in turn.

I. The Sale for Resale Exemption

■ Indiana Code § 6–2.5–5–8 exempts from tax "[t]ransactions involving tangible personal property ... if the person acquiring the property acquires it for resale, rental, or leasing in the ordinary course of the person's business[.]" IND. CODE ANN. § 6–2.5–5–8(b) (West 2001)

---

**2.** Sales tax exemptions apply to lease transactions if the rentals "would have been exempt

in an equivalent sales transaction." 45 IND. ADMIN. CODE 2.2–4–27(a) (2001).

(amended 2003). *See also* 45 IND. ADMIN. CODE 2.2–5–15(a) (2001). This Court has previously explained that in order to show entitlement to the sale for resale exemption, the taxpayer must demonstrate that it received itemized consideration for the item. *See Miles, Inc. v. Indiana Dep't of State Revenue,* 659 N.E.2d 1158, 1165 (Ind. Tax Ct.1995) (discount coupons inserted in boxes were not resold because customers did not pay itemized amount for them); *Indiana Bell Tel. Co. v. Indiana Dep't of State Revenue,* 627 N.E.2d 1386, 1389 (Ind. Tax Ct.1994) (telephone directories, the cost of which was built into customers' monthly bills, were not resold for purposes of the exemption because their cost was not itemized in the bills); *USAir, Inc. v. Indiana Dep't of State Revenue,* 542 N.E.2d 1033, 1035–36 (Ind. Tax Ct.1989) (holding that meals provided on airline's flights were not resold because there was nothing in the price of the ticket to reflect the price of the food). "Moreover, separate bargaining must occur between the customer and the taxpayer for the exchange of that particular item." *Miles,* 659 N.E.2d at 1165. *See also Greensburg Motel Assocs. v. Indiana Dep't of State Revenue,* 629 N.E.2d 1302, 1305–06 (Ind. Tax Ct.1994) (holding that consumable and non-consumable items provided in hotel guest rooms were not resold because the hotel's customers did not bargain for those items).

The manufacturers maintain that their lease payments are exempt from tax under this exemption because they resell the pallets. (*See* Pet'r Br. in Supp. of its Mot. for Summ. J. (hereinafter, Pet'r Br.) at 10–15.) More specifically, the manufacturers explain that they have incorporated the price of the pallet into the price of their products. (*See* Pet'r Br. at 11.) The Department argues, on the other hand, that it is entitled to summary judgment because the manufacturers have not shown that they received itemized consideration for the pallets. (*See* Resp't Br. in Supp. of Cross-Mot. for Summ. J. (hereinafter, Resp't Br.) at 9–12.) The Court agrees.

■ In cases involving exemptions from tax, the burden of showing that the terms of the exemption are met lies with the taxpayer. *Indiana Bell,* 627 N.E.2d at 1387. Under the facts of this case, the requirements of the sale for resale exemption have not been satisfied. Accordingly, the lease transactions at issue do not qualify for the sale for resale exemption.

## II. The Nonreturnable Container Exemption

■ The manufacturers also claim that their lease payments are exempt from sales tax pursuant to Indiana Code § 6–2.5–5–9, which exempts "[s]ales of ... empty containers ... if the person acquiring the ... containers acquires them for use as nonreturnable packages for selling the contents that he adds." IND.CODE ANN. § 6–2.5–5–9(d) (West 2001). *See also* 45 IND. ADMIN. CODE 2.2–5–16(a) (2001). The manufacturers claim that the pallets are nonreturnable containers because the retailers do not return the pallets to them. (*See* Pet'r Br. at 16, 18.) The Department, on the other hand, argues that the pallets are returnable containers because the pallets are returned, albeit to Chep. (*See* Resp't Br. at 14.) Thus, the resolution of the issue hinges on to whom the pallets must be returned.

■ Nonreturnable containers are defined as "containers which are not returnable containers." 45 I.A.C. 2.2–5–16(e)(2). Returnable containers are defined as "containers customarily returned by the buyer of the contents for reuse as containers." A.I.C. § 6–2.5–5–9(a); 45 I.A.C. 2–5–16(e)(1). To the extent that the statute and regulation do not define the word "re-

turn," the Court will give it its plain, ordinary, and usual meaning, as defined in the dictionary. *See Johnson County Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue,* 568 N.E.2d 578, 580–81 (Ind. Tax Ct.1991), *aff'd by* 585 N.E.2d 1336 (Ind.1992). "Return" is defined as "to pass back to an earlier possessor" and "to bring, send, or put (a person or thing) back to or in a former position." WEBSTER'S THIRD NEW INT'L DICTIONARY 1941 (2002 ed.).

Neither the statute, the regulation, nor the dictionary definition of the word "return" require that the container go back to the person from whom it was immediately acquired in order to be considered "returned," as the manufacturers contend. It is enough that the pallets are "pass[ed] back to an earlier possessor," which in this case is Chep. *Id.* Consequently, the Court concludes the pallets are returnable containers and therefore the manufacturers' lease payments do not qualify for the nonreturnable container exemption.[3]

III. Constitutional Argument

Finally, the manufacturers argue that the taxation of their leases violates the Equal Protection Clause of the United States Constitution and the Privileges and Immunities Clause of the Indiana Constitution. Specifically, the manufacturers claim that "there would be a *possible* equal protection problem" if the Department denied them the sale for resale exemption on the basis that no resale occurred because title and ownership of the pallets remained with Chep at all times. (Hr'g Tr. at 20–21 (emphasis added).) (*See also* Resp't Br. at 12 (where the Department states that "Chep's Customers could not resell the pallets because the title and control of the pallets remained with Chep").)

The manufacturers' argument presupposes that the Department denied them the sale for resale exemption because they could not pass title to the leased pallets. Nevertheless, this Court, in its *de novo* review of the Department's decision, has determined for a different reason that the manufacturers' lease transactions do not qualify for the sale for resale exemption. *See supra* pp. 3–5. Accordingly, the constitutional issue raised by the manufacturers fails.

## CONCLUSION

For the foregoing reasons, the Department's motion for summary judgment is GRANTED and Chep's motion for summary judgment is DENIED.

SO ORDERED this 28th day of August, 2008.

---

**3.** Indeed, the lease agreements ensure the pallets are returned to Chep. (*See* Pet'r De- sig. Evid. Ex. 1–E at 1 ¶ 1.1, C–1 ¶ 2(b); Hr'g Tr. at 7–8.)